IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HAROLD DONALD GALEY
and MARGARET W. GALEY                                                    PLAINTIFF

V.                                                                              CASE NO. 4:04CV323

WORLD MARKETING ALLIANCE, et al                                          DEFENDANTS

## ORDER

Defendants World Marketing Alliance and World Marketing Securities (collectively "WMAS") have filed a motion to compel arbitration and to stay this action, pursuant to the Federal Arbitration Act. Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The effect of this section is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In this case, plaintiffs do not dispute that, as part of their application to open a new investment account with WMAS, they signed an arbitration agreement whereby they agreed that "any controversy arising out of or related to my (our) accounts, the transactions with WMAS, its officers, directors, agents ... shall be settled by arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc. (NASD)." Plaintiffs further concede that their claims in this lawsuit arise out of their investment accounts with WMAS. Plaintiffs

note, however, that WMAS allowed their membership in the NASD to lapse in 2000 and that NASD rule 10301 provides that arbitration is not required as to members "whose membership is terminated, suspended, canceled or revoked." Defendants do not dispute that they are no longer NASD members, but they argue that the NASD rule in question should be disregarded because of the operation of the parol evidence rule. Defendants' argument ignores the fact that the arbitration provision in question specifically incorporates by reference the NASD rules and provides that those rules shall control the arbitration of this action. Accordingly, the parol evidence rule clearly does not apply.

Somewhat surprisingly, plaintiffs are able to cite to two decisions which interpreted NASD 10301 in a context almost identical to the one in the case at bar. In *Elston v. Toma*, 2004 WL 1048132 (D. Ore. 2004), an Oregon district court held that a former NASD member could not enforce an arbitration provision very similar to the one in this case, based upon the operation of NASD Rule 10301. The court finds the Oregon court's reasoning to be persuasive and will quote from it at length:

> As noted, the arbitration agreement between Plaintiff and United Pacific specifically provided the arbitration "shall be settled by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers (NASD)." In December 1998, United Pacific's NASD membership was terminated. NASD Rule 10301(a) provides as follows:
> Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer. A claim involving a member in the following categories shall be ineligible for submission to arbitration under the Code unless the customer agrees in writing to arbitrate the claim after it has arisen: (1) A member whose membership is terminated, suspended, canceled, or revoked. (Emphasis added).

2

> The NASD promulgated Rule 10301(a) in June 2001. The NASD explained:
>> NASD Dispute Resolution believes that the proposed rule change is consistent with the provisions of Section 15A(b)(6) of the [Securities and Exchange Act of 1934] which requires, among other things, that the Association's rules must be designed to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade, and, in general, to protect investors and the public interest. Because terminated, suspended, barred or otherwise defunct firms have a significantly higher incidence of non-payment of arbitration awards than do active firms, NASD Dispute Resolution believes that the proposed rule change will protect investors and the general public by giving customers greater flexibility to seek remedies against such firms.
>
> 11 66 Fed.Reg. 13362, 13364 (Mar. 5, 2001) (emphasis added).
>
> As reflected in the legislative history, Rule 10301(a) is a substantive rule designed to protect a plaintiff under circumstances such as those present in this case. Plaintiff's agreement to arbitrate his claims with United Pacific included the requirement that NASD rules at the time of arbitration would apply. Plaintiff and United Pacific agreed to be bound by the rule. Nevertheless, United Pacific argues "Plaintiff's desire to circumvent his express waiver of judicial remedies would deprive United Pacific not only of its reasonable expectations with respect to its agreement with Plaintiff, but of its express remedy under the FAA." The Court disagrees. When Rule 10301(a) became effective in June 2001, United Pacific had no reasonable expectation that it could enforce the arbitration agreement.

*Elston*, slip op. at 9-10.

As noted by the Oregon district court, it is apparent that NASD Rule 10301 serves important public policy objectives by expressly retaining the right to jury trial in cases where a former NASD member has left the organization, and thus places itself outside the organization's jurisdiction. A very similar result to that in *Elston* was reached by a California state court in *Provencio v. WMA Securities, Inc.*, 125 Cal. App.4th 1028, 23 Cal. Rptr.3d 524 (Cal. 2005). Defendants urge this court to reject the reasoning of these persuasive authorities and to find the parol evidence rule to be controlling. As noted previously, however, the parol evidence rule is

clearly inapplicable in this case, and the court finds the aforementioned authority to be quite persuasive. Defendants have failed to establish that they have a right to arbitrate this action, and their motion to compel arbitration will therefore be denied.

In light of the foregoing, it is ordered that defendants' motion [9-1, 11-1] to compel arbitration is denied. Defendants' motion to stay [16-1] is dismissed as moot.

SO ORDERED this 19th day of June, 2006.


   **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**